## CONTINUATION OF APPLICATION FOR A SEARCH WARRANT

## INTRODUCTION

1.     I, Timothy Simon, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since 2005. I am currently assigned to the Detroit Field Office, Grand Rapids Resident Agency. Since 2009, I have been primarily responsible for investigations involving the production, importation, advertising, receipt, and distribution of child pornography, and am currently responsible for investigating such violations occurring in the Western District of Michigan. I have received hundreds of hours of training in child pornography investigations, and I have participated in numerous search warrants, interviews, and online reviews pertaining to such activity. I am familiar with the various statutes of Title 18, United States Code, Chapter 110 – sexual exploitation and other abuse of children, including violations pertaining to sexual exploitation and attempted sexual exploitation of children (18 U.S.C. § 2251(a)), distribution or receipt of child pornography (18 U.S.C.§ 2252A(a)(2)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)), the "subject offenses." I am a federal law enforcement officer and, therefore, authorized by the Attorney General to request a Search Warrant under Federal Rule of Criminal Procedure 41.

2.     I make this Continuation in support of an Application for a Search Warrant for the email account **tinytimandjonlong@gmail.com** (hereinafter the "SUBJECT ACCOUNT"), to search for evidence of sexual exploitation of a child

1

(also referred to as production of child pornography), distribution or receipt of child pornography, and possession of child pornography. Child pornography is any visual depiction of a minor depicting the lascivious exhibition of the genitals or sexually explicit conduct, *see* 18 U.S.C. § 2256(8).

3. The statements contained in this Continuation are based upon information acquired during my investigation, as well as information provided by others such as other police officers, and Task Force Officers (TFOs) and Special Agents of the FBI. Because this Continuation is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause to believe that there is evidence of criminal activity in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2), or 2252A(a)(5)(B) in the SUBJECT ACCOUNT (further described in Attachment A).

## PROBABLE CAUSE FOR SEARCH WARRANT

4. On Monday December 23, 2019, an FBI TFO was acting in an online undercover (UC) capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force, operating out of a satellite office in Washington, D.C. In that capacity, the UC posted numerous online bulletin messages on a specific social media forum[1] known to the UC as a

---

[1] The name of the forum is known to me but is not included here because it is still the subject of ongoing undercover investigative work.

website where users discuss and trade child pornography and child erotica, among other things. This site is forum-based and offers users internal email in which they can communicate with other users. Users can start a conversation thread and title the topic for all users to view. Users can respond to the thread for all users to see.

5. That same day (12/23/19), the UC commented on various taboo posts that were started by other users. The UC indicated that he was a 33-year-old father of a daughter. The UC left his Kik screen name in each post that he commented on.

6. Later the same day (12/23/19), an individual using Kik account "longjon444" with the display name "Joh Long" (later identified as Richard Donald Schmeling) contacted the UC. Schmeling informed the UC that he found his name on the other website, and he asked the UC if he wanted to trade "panty pics of daughters."

7. The UC sent Schmeling an image of a pair of child's panties and asked Schmeling how old his daughter was. Schmeling replied "7 ur". Schmeling sent the UC two images of children's panties and asked, "U have more pics of her panties." The UC asked Schmeling what he had and Schmeling responded, "Pics of panties and some private stuff that I only trade for same." Schmeling informed the UC that his daughter was not currently with him, but he claimed to be in the daughter's room.

8. The UC sent a few images of his purported 8-year-old daughter (clothed, not a real child). Schmeling sent a picture of his 7-year-old daughter. The

picture does not show the girl's face; in it she is holding a doll and wearing pajamas. The UC asked Schmeling to take a picture of the doll holding up 2 fingers for the purpose of verifying that he was an actual father (with access to the alleged daughter). Schmeling complied and sent the UC an image of an adult hand holding up 2 fingers in front of a doll. The doll is the same doll that the child was holding. Schmeling stated that he had engaged in "touching, licking and rubbing" his daughter, including having rubbed his penis on his daughter's buttocks.

9.  On Tuesday December 24, 2019, Schmeling asked the UC if he had a MEGA account. MEGA is a secure cloud storage and file hosting service. The UC stated that he did not have an account. Schmeling stated, "Oh want to trade some." Schmeling claimed to have taken pictures earlier that morning. The UC sent an image of his purported child (not a real child). Schmeling sent an image of his purported daughter. The picture depicts what appears to be a child lying on her stomach. She is wearing purple/pink princess underwear and her right butt cheek is visible. Schmeling sent another picture depicting the same girl wearing the same underwear. Her face is not visible in the images. Schmeling sent a third image of his daughter lying on her side wearing the same underwear as described above and a striped shirt. After replying that his daughter was now up watching YouTube, Schmeling sent what he claimed was a live picture of her; it depicts the same girl wearing the same striped shirt, lying on a couch with a blue blanket on her. A black rocking chair, hardwood floors, and Christmas presents are visible in the

4

background of the picture.

10.     Schmeling sent the UC another picture of his daughter.  The child is lying on her stomach wearing the same underwear and striped shirt as described above.  An adult (appears male) hand is touching her buttocks on top of her underwear.  Schmeling sent another image of his daughter.  The image depicts a male hand pulling a child's underwear to the side (same underwear as described above) with his fingers exposing the child's vagina and butt cheek.

11.     18 seconds after sending this picture, Schmeling requested, "Pussy shot please."  As had been asked before, the UC asked Schmeling if he could hold two fingers next to the child's head, in order to confirm that the picture of the daughter on the couch (in paragraph 9) was truly live.  Schmeling complied and sent an image of himself holding up 2 fingers behind his daughter's head.  His daughter is lying on a couch wearing a striped shirt with a blue blanket on her, similar to the previous picture.

12.     Schmeling informed the UC that he had "probably 8 more pics" that he had taken of his daughter.  Schmeling informed the UC that he had been abusing his daughter since she was 5 years of age.  Schmeling stated that he keeps all of his photos of her on an SD card. Schmeling stated that he is married and resides with his wife and daughter.

13.     During the course of the chat Schmeling stated, "I enjoy trading private stuff but have to trust the person.  Your stuff will be safe with me I do not

5

share other private stuff.  I put them on SD card." Schmeling also made the following statements as it relates to his daughter: "Rubbed on pussy.  Cummed on her ass.  Licked asshole and pussy" and "Tried a finger one time in her ass and she stirred" and said this happened "all while asleep."

14.   Schmeling sent a few more images of his daughter wearing the same underwear as described above.  Her face was not visible.

15.   An emergency disclosure request was sent to Kik for subscriber identification and IP access logs associated with "longjon444."  Kik's response indicated that "longjon444" was registered on December 23, 2019 at 03:18:52 UTC.  Kik provided a display name of "Joh Long" and a confirmed registration email address of **tinytimandjonlong@gmail.com** (the SUBJECT ACCOUNT).

16.   According to Kik, a confirmed email address means the user received a confirmation email from Kik and clicked the link within the email.  Therefore, the SUBJECT ACCOUNT had to be used to setup the "longjon444" Kik account and would likely contain additional evidence related to the identity of the user.  Kik also provided a device description of a Motorola Moto e5 Play smartphone, and IP access logs spanning December 23, 2019, through December 30, 2019.  Examination of the IP logs provided by Kik yielded a combination of Comcast Communications and Digital Ocean IP addresses.

17.   An emergency disclosure request was sent to Comcast for subscriber identification and physical service address information associated with the most

6

recent Comcast IP address, 68.34.32.59, used on December 30, 2019 at 09:43:19 UTC. Comcast's response identified the subscriber as Richard Schmeling, with a service address of 148 Bellevue Street SW, Wyoming, MI 49548.

18.     Upon receipt of this information, FBI Washington Field Office (WFO) used law enforcement and commercial databases, as well as open source searches, to fully identify the suspected user of "longjon444" as Richard Donald Schmeling of 148 Bellevue Street SW, Wyoming, MI 49548. Schmeling's wife and their children[2] were also identified. Schmeling has a child consistent with the apparent age and gender depicted in the images sent to the UC.

19.     FBI WFO also reviewed publicly available pictures on the Facebook pages of Schmeling and his wife. The backgrounds in some of the Facebook images appeared to be consistent with the backgrounds of the photographs Schmeling sent the UC. For example, hardwood floors in the pictures sent to the UC seemed to match hardwood floors seen in the Facebook images, and a black rocking chair was visible in photos sent to the UC and on Facebook.

20.     Richard Schmeling has a criminal history that includes a 2013 conviction for Surveilling Unclothed Person, Capturing/Distributing Image of Unclothed Person, and Use of a Computer to Commit a Crime. Schmeling is also a registered sex offender in the state of Michigan.

---

[2] The names of Schmeling's wife and children are known to me, as are the genders of his children, but are not included here to protect their privacy.

7

21.     On December 30, 2019, I received the above information from FBI WFO and obtained a federal search warrant for Schmeling's residence (1 *see* 1:19-mj-461-RSK, In the Matter of the Search of 148 Bellevue Street, Wyoming, MI). That same night, I participated in the execution of the search warrant and also interviewed Schmeling in a FBI vehicle outside the residence. Schmeling's wife and children were also present at the time of the search warrant execution. His daughter appeared to be of the same age and physical description as the child seen in the images sent from "longjon444." The interior of the residence also matched some of the images sent from "longjon444," and a Motorola Moto e5 Play smartphone was recovered in the basement of the residence. This cellular phone was locked, and to date the FBI has been unable to access its contents.

22.     During the interview of Schmeling, he refused to answer questions about his use of "longjon444" or ownership/use of a Motorola Moto e5 Play smartphone. When asked for details about his family, Schmeling initially incorrectly identified his daughter as 7 years old. Schmeling eventually requested an attorney and the interview was ended.

23.     On December 30, 2019, Schmeling was arrested for sexual exploitation and attempted sexual exploitation of a minor, as well as distribution of child pornography. On January 7, 2020, a grand jury indicted Schmeling for these offenses and additional penalties for registered sex offenders. (*See* 1:20-cr-01-JTN, United States of America v. Richard Donald Schmeling.)

8

24.     On January 21, 2020, I submitted a 90-day preservation request to Google for the SUBJECT ACOUNT, and Google acknowledged receipt on the same date.

## CHARACTERISTICS COMMON TO INDIVIDUALS WITH A SEXUAL INTEREST IN CHILDREN

25.     Based upon my knowledge, experience, and training in child exploitation and CP investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals with a sexual interest in children.  These characteristics particularly apply to individuals involved in possessing or distributing CP online, including those accessing websites whose primary content is CP.  These common characteristics include that the individuals:

a.      Generally have a sexual interest in children and receive sexual gratification from viewing children engaged in sexual activity or in sexually suggestive poses, or from literature describing such activity.

b.      May collect or view sexually explicit or suggestive materials, in a variety of media, including in hard copy and/or digital formats.  CP viewers and collectors oftentimes use these materials for their own sexual arousal and gratification.  They may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse or groom a child to participate in sexual activity, or to demonstrate desired sexual acts to a child.  They may also use toys,

9

        games, costumes, sexual clothing, sexual paraphernalia, and children's clothing to lure or entice children.  They may keep "trophies" or mementos of sexual encounters with children, or items that they use to gratify a sexual interest in children, such as by collecting children's underwear or other items belonging to a child.

c.     May take photographs that either constitute CP or indicate a sexual interest in children by using cameras, video cameras, web cameras, and cellular telephones.  Such images and videos may be taken with or without the child's knowledge.  This type of material may be used by the person to gratify a sexual interest in children.

d.     Generally maintain their collections in a safe, secure, and private environment.  These images and videos can be downloaded onto desktop or laptop computers, computer disks, disk drives, data disks, system disk operating systems, magnetic media floppy disks, Internet-capable devices, cellular telephones, tablets, digital music players, and a variety of electronic data storage devices (hardware, software, diskettes, tapes, CDs, DVDs, SD cards, memory cards, USB/jump/flash memory devices, external hard drives, and other digital storage media).  The images can be stored in both digital and hard copy format and are usually hidden so that they are not found by other members of the residence or by anyone else who enters the home.  Such hiding

        places could include but are not limited to garages, sheds, attics, vehicles, bags, and pockets.  Digital files and devices may be password protected, encrypted, or otherwise protected.

e.   Often maintain their collections of CP and other materials indicating a sexual interest in children for a long period of time—commonly over the course of several years.  These collections are also frequently maintained despite changes in residence or the acquisition of different or newer computer devices.

f.   May correspond with and/or meet others to share information and materials; rarely destroy correspondence from other CP distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, screen names, and telephone numbers of individuals with whom they have been in contact and who share the same interests in CP.  Such correspondence may take place, for example, through online bulletin boards and forums, Internet-based chat messaging, email, text message, video streaming, letters, telephone, and in person.  In some cases, these individuals may have joint involvement in CP activities with others within their household or with whom they share a close relationship (e.g., brothers/siblings dating partners, or coworkers).

26.   I believe that Richard Schmeling has demonstrated similar

11

characteristics to those who have a sexual interest in children (as described in paragraph 25), due to the nature of the photos he took and comments he made to the UC (i.e. admitting to hands-on sexual offenses against his daughter), as well as his interest in using secure cloud storage programs like MEGA, and allegedly storing images on an SD card for safety.

## CONCLUSION

27.     Based upon the above information, I respectfully submit there is probable cause to believe that Richard Schmeling has used the SUBJECT ACCOUNT to conduct or facilitate illegal activities, and that evidence still exists in the SUBJECT ACCOUNT relating to the sexual exploitation and attempted sexual exploitation of children (18 U.S.C. § 2251(a)), distribution or receipt of child pornography (18 U.S.C.§ 2252A(a)(2)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)), the "subject offenses."

28.     Wherefore, by this Continuation and Application, I respectfully request that the Court issue a Search Warrant authorizing the search of the SUBJECT ACCOUNT described in Attachment A for items listed in Attachment B.